BRETT L. TOLMAN, United States Attorney (#8821)
KARIN M. FOJTIK, Assistant United States Attorney (#7527)
Attorneys for the United States of American
185 South State Street, Suite 400
Salt Lake City, Utah 84111-1506
Telephone: (801) 524-5682
Facsimile: (801) 524-4475

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | | Case No: 1:06 cr 64 TS |
| Plaintiff, | : | |
| | : | RESPONSE TO SENTENCING MEMORANDUM |
| vs. | : | |
| | : | |
| STACY LYNN HARWOOD | | |
| | | Judge Ted Stewart |
| Defendant. | : | |

_____

The defendant, Stacy Lynn Harwood, filed for a reduction in his sentence on several grounds. The United States, through the undersigned files this response. The government has additional time to respond, however, to avoid moving the sentencing hearing, the government files this response. The government requests, if the court deems it necessary the opportunity to file a further response.

1

*Background*

The grand jury returned an indictment charging Mr. Harwood with violating 18 U.S.C. § 2422(b), Coercion and Enticement of a Minor. The undercover officer chatting told Mr. Harwood she was 13 years old.  The conversation turned sexual in nature, and Mr. Harwood suggested meeting in a hotel for sexual relations..

Mr. Harwood participated in a forensic psychological examination conducted by Dr. Rick Hawks.  The report concluded that Mr. Harwood possibly suffered from mental illness, and that he had low cognitive functioning.

Mr. Harwood plead guilty to the reduced charge, Transmission of the name of a minor. This plea to the reduced charged prevented Mr. Harwood from facing a ten-year mandatory minimum sentence. Instead his recommended guideline range is 46-57 months.

*I. Post-Offense Rehabilitation*

The Tenth Circuit has defined what type of behavior supports a recommendation for a reduction based on post-offense rehabilitation grounds:

> Because rehabilitation efforts are taken into consideration when determining a defendant's eligibility for an acceptance of responsibility guideline adjustment, *see* U.S.S.G. § 3E1.1(a) commentary at note 1(g), post-offense rehabilitation can only be an appropriate ground for downward departure of the efforts are of a magnitude that the defendant's situation cannot be considered typical of those where an acceptance of responsibility adjustment is granted.

*United States v. Whitaker,* 152 F.3d 1238, 1240-41 (10th Cir. 1998).  Though it appears

that Mr. Harwood has attended some counseling, it is unclear how these efforts have been extraordinary, or place him outside the behavior of the heartland of defendants and warrant a further reduction in his sentence.

The United States opposes any further reduction in Mr. Harwood's sentence. Further reduction of his sentence would ignore the strong public and congressional concern for deterring individuals convicted of these offenses, create a large disparity in sentencing, and ignore the characteristics of Mr. Harwood and this offense.

## *II. Diminished Capacity USSG 5K2.13* -

The government objects to any reduction in Mr. Harwood's sentence based upon his lower cognitive functioning. The court may consider a reduction in his sentence under USSG 5K2.13, if the facts indicate the defendant is suffering from a significantly reduced mental capacity. USSG 5K2.13; *see also U.S. v. Sheehan,* 371 F.3d 1213 (10th Cir. 2004). If a departure is warranted, the degree of the departure should reflect the extent to which the defendant's reduced mental capacity contributed to the commission of the offense. *Id.*

Here, Mr. Harwood's conduct included chatting on-line with a 13 year old girl, suggesting sexual intercourse, and making arrangements to meet her at a location, several miles from his home in Evanston, Wyoming. Mr. Harwood traveled a significant distance, and spoke with the undercover "13 year old" en route to the rendezvous. The facts of this case do not demonstrate that Mr. Harwood's mental condition was such that he suffered from an extraordinary or atypical dysfunction, and accordingly his request for a departure

should be denied. *Id.* (citing *United Staets v. Madonado-Montalvo,* 356 F.3d 65, 74 (1st Cir. 2003).

### III. Factors under 18 U.S.C. § 3553

This Court may consider the factors listed under § 3553. Specifically, the United States contends that a sentence of 46-57 months is needed to afford general deterrence to others committing similar crimes, the risk of highly disparate sentences, and the characteristics of this offense and Mr. Harwood do not support further reduction in his sentence.

#### A. Congress intended to send a strong deterrence message to those involved in the sexually solicitation of young people on-line

Because Mr. Harwood stands convicted of a sexual offense under Title 117, this Court should look to 18 U.S.C. § 3553 (b)(2), and its restrictions on downward departures, when determining his sentence. Based on the Tenth Circuit holding in *United States v. Yazzie,* application of this "ban" must now be only advisory. 407 F.3d 1139 (10th Cir. 2005). However, section (b)(2), combined with the Sentencing Guidelines remains the best expression of Congressional intent regarding the sentencing of sexual offenders. The United States urges this Court to cautiously review the requested downward departures in light of Congress' special concern for sexual offenders expressed in both 18 U.S.C. § 3553(b)(2), U.S.S.G. § 5K2.0(b), and the legislative history of 18 U.S.C. § 2425. As noted in the Sentencing Guidelines:

4

> As reaffirmed in the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 (the "PROTECT Act", Public Law 108-21) circumstances warranting departures should be *rare*. Departures were never intended to permit sentencing courts to substitute their policy judgments for those of Congress and the Sentencing Commission. Departure in such circumstances would produce unwarranted sentencing disparity, which the Sentencing Reform Act was designed to avoid.

U.S.S.G. § 5K2.0, Background (emphasis added). Though the guidelines are no longer mandatory, what remains is Congress' express disapproval of downward departures in cases involving the sexual exploitation of children. *See, e.g.,* U.S.S.G. § 5K2.22.

Further, in 1998, when enacting 18 U.S.C. § 2425, Representative Dunn, a sponsor of the legislation noted:

> This rule makes in order several important amendments that will further strengthen an already strong bill, ensuring that we leave no doubt of Congress' desire to put a stop to Internet sex crimes. This important legislation introduced by the gentleman from Florida, (Mr. McCollum) and myself, is for mothers and dads throughout this country who are doing everything they can to keep their children safe and innocent, but may not be aware of the pedophiles who are cruising the Internet.
>
> In an era where the boundaries of our communities are increasingly irrelevant, pedophiles are using the anonymity of the Internet to pose as minors and befriend vulnerable children who are unknowingly lured into very dangerous situations.

144 Cong. Rec. H4485, LEXSEE, pp. 5-6. The Guidelines, the legislative history, and the PROTECT Act, all express Congress' concerns with sexual crimes in the United States, particularly those involving Internet usage.

In *United States v. Robertson,* the Court quoted from the legislative history related to the computer enhancement and the comments of Senator Hatch when reviewing the rationale for this enhancement:

5

> [W]e must also be vigilant in seeking to ensure that the Internet is not perverted into a hunting ground for pedophiles and other sexual predators, and a drive-though library and post office for purveyors of child pornography. . . . One step that we can take is to ensure strong penalties for those who use the Internet for these horrible purposes.

340 F.3d 1109, 1113 (10th Cir. 2003); (*quoting* 144 Cong. Rec. H10,522 (daily ed. Sept.17, 1998)(statement of Senator Hatch). To counter the evils of Internet usage related to the sexual abuse of minors, Congress in 1998 imposed harsher penalties on defendants who used computers to commit their offenses. *Id.* at 1114 (internal citations omitted). The Tenth Circuit noted, " . . . if the penalties for using the computer medium are especially severe, the hope is that pedophilic predators will cease to find cyberspace such a safe and attractive hunting ground." *Id. See also, United States v. McGraw,* 351 F.3d 443, 445-447 (10th Cir. 2003)("It would be inconsistent with Congress's broad intend to let offenders evade the enhancement simply by working out the logistics of an internet-arranged tryst offline.").

Accordingly, the United States urges this Court to sentence Mr. Harwood to a term of 46-57 months, to reflect Congress' strong concerns withe the prevalence of these offenses.

### B. Further reduction will create a disparity in sentencing.

18 U.S.C. § 3553 requires this court avoid disparity in sentencing. A sentence of 46-57 months, is within the recommended guideline range and commensurate with sentences of other defendants who have committed similar offenses.

### C. Characteristics of the Offense

The facts of this offense involve Mr. Harwood suggesting sexual conduct with a 13 year old female. He had full awareness of the illegality of his conduct, and he knew of the possibility of law enforcement involvement, yet he drove a significant distance to a rendezvous. The characteristics of this offense do not support a further reduction in Mr. Harwood's sentence.

### D. Characteristics of Mr. Harwood

According to the psychosexual, Mr. Harwood possibly suffers from an untreated mental illness, and low cognitive functioning. Mr. Harwood did appear to minimize the seriousness of this offense as well. Mr. Harwood has serious issues to resolve and those issues lead to his criminal conduct in this case. The term of 46-57 months is appropriate and reflects Mr. Harwood's progress, the seriousness of the offense, and society's interest in protection of its young people from individuals who attempt to seduce them online.

### E. Treatment resources available in the Federal correction system

The sex offender treatment program is currently available in Devens, Massachusetts, if Mr. Harwood chooses to participate in this program. The SOTP requires voluntary participation by defendants, involves both individual and group therapy, and includes the use of polygraphs as a part of treatment. The length of the treatment program typically ranges from 18-33 months which occurs at the end of a defendant's term of incarceration. This timing helps to insure that defendants have the greatest help to avoid

recidivism prior to their re-entry into society.

Additionally, all federal correctional facility have an on-staff psychiatrist and accordingly, arrangements can be made to continue therapy begun by Mr. Harwood any facility where he is designated.

The government does request, that the court order a full psychiatric evaluation occur at the any facility where Mr. Harwood is housed, and that he receive treatment as recommended while incarcerated.

### *Conclusion*

For the foregoing reasons, and additional reasons to be raised at the hearing before this Court, the United States requests this Court deny Mr. Harwood's motion for a reduction in his recommended Guideline sentence.

Respectfully submitted.

Dated this 19th day of November, 2007.

*/s/ Karin M. Fojtik*
_____
Karin M. Fojtik
Assistant United States Attorney